UNITED STATES DISTICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEANGELO SCOTT,<br>*On behalf of himself and those similarly situated,*<br>2905 Pomeroy Rd, SE, #201<br>Washington DC 2002Laura 0<br><br>Plaintiff,<br><br>    v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br>441 4th Street NW<br>Suite 600 South<br>Washington, D.C. 20001<br><br>and<br><br>JAMES D. McGINLEY,<br>*In his official capacity as Clerk of the Superior Court of the District Of Columbia*<br>500 Indiana, Ave., NW<br>Washington, DC 20001,<br><br>and<br><br>LAURA BANKS-REED,<br>*In her official capacity as Director of the Victims Compensation Fund,*<br>500 Indiana, Ave., NW<br>Washington, DC 20001,<br><br>Defendants. | Civil Action No: |

CLASS ACTION COMPLAINT

## Introduction

1.      DeAngelo Scott ("Named Plaintiff") on his own behalf and on behalf of the class defined below brings this action against the Government of the District of Columbia and James D. McGinley, Clerk of the Superior Court, in his official capacity only, under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, to enforce the Fifth Amendment, for injuries suffered by him and the class, because the District failed to refund (after their convictions were reversed) money they had been assessed under D.C. Code § 4-516(a).

## Jurisdiction and Venue

2.      This Court has jurisdiction over the § 1983 claims under 28 U.S.C. §1331 and 28 U.S.C. §1343(3)-(4).

3.      Venue is proper in this jurisdiction pursuant to 28 U.S.C §1391(b) because the events or omissions underlying the claims occurred in this judicial district.

## Parties

4.      Mr. Scott was assessed and paid $50 per charge when he was convicted of one count each of disorderly conduct and failure to obey ("FTO") in case <u>District of Columbia v. DeAngelo Scott</u>, 2011 CDC 008117.

5.      James D. McGinley is the Clerk of the Superior Court of the District of Columbia (sometimes hereinafter the "Clerk" or the "Clerk of the Superior Court").  He is sued in his official capacity only.

6. The Clerk of the Superior Court manages all non-judicial court employees, the administrative functions, and the day-to-day operations of all divisions under his authority. The Clerk of the Superior Court manages the Budget and Finance Division, including the Banking and Finance Branch.

7. Laura Banks-Reed is the Director of the Victims Compensation Fund. She is sued in her official capacity only.

8. The District of Columbia (hereinafter the "District of Columbia" or the "District") is a municipal corporation capable of being sued under D.C. Code § 1-102.

## Factual Allegations

### Crime Victims Compensation Program

9. Pursuant to the VVCCA the District maintains a Crime Victims Compensation Program which provides for payments of money to persons who are victims of violent crimes.

10. The Superior Court administers the program by designation of the District Council. D.C. Code § 4-503(a).

11. As part of the program there are funds administered by the Superior Court known as the Crime Victims Compensation Fund, D.C. Code § 4-515, and the Crime Victims Assistance Fund, D.C. Code § 4-515.01(a) the ("VVC Fund").

12. The VVC Fund is separate from the General Fund of the District of Columbia. The money in the VVC Fund never reverts to the General Fund of the District of Columbia.

13. The VVC Fund is funded in part by assessments on persons who are convicted or who plead guilty or nolo contendere to offenses in the Superior Court. The amount assessed is assessed on a per offense basis by the trial court.

14. The amount assessed by the trial court for each offense depends on the category of the offense. $100 is assessed for each Traffic offense under D.C. Code § 50-2201.05, between $50 and $250 is assessed for each other serious traffic or misdemeanor offenses, and an amount of between $100 and $5000 is assessed for each felony offense.

15. Although the trial court has discretion to determine the amount of the assessment within the statutory range assessments under the VVCCA are mandatory in all felony and misdemeanor (including serious traffic) cases and cannot be waived.

**Persons whose convictions have been reversed or vacated are entitled to refunds of amounts paid into the VVC Fund**

16. Persons whose convictions have been reversed or vacated are entitled to refunds of amounts paid into the VVC Fund for each reversed or vacated conviction on a per offense basis because a reversed conviction is a nullity.

**The Superior Court has not established any mechanism for refunding to persons who were assessed amounts upon conviction when those convictions were reversed or vacated**

17. The Budget and Finance Division receives payments of court fees, fines and forfeitures including assessments under D.C. Code § 4-516.

18. When the Clerk of the Superior Court receives money from an assessment, his clerks make a docket entry in CourtView memorializing how much money was received.

19. The Superior Court has not established any mechanism for refunding to persons amounts they were assessed under the VVCCA upon conviction when those convictions were reversed or vacated.

20. The Clerk of the Superior Court has not during the Class Period and does not send notice of the refund due to convicted persons from whom the assessments were collected when their convictions are reversed.

21. Nor does the District or the Clerk provide notice and a hearing at which the retention of assessments on convictions that have been reversed must be justified.

22. During the relevant period covered by this Complaint, the District and the Clerk of the Superior Court have had a policy and/or practice of administratively keeping such assessments and not making refunds even if a person goes to the office of the Clerk of the Superior Court or one of the branches therein and makes a demand for their money.

### Facts of Mr. Scott's case

23. Mr. Scott was found guilty in a bench trial of the offense of disorderly conduct and the offense of FTO on 11/16/2011 and the court entered judgment on 11/16/2011 in case 2011 CDC 8117.

24. Mr. Scott was sentenced to time served on each offense and he was also ordered to pay a fine of $100 (suspended) on the FTO offense.

25. The trial court also assessed an amount of $50 on each offense pursuant to the VVCCA.

26. The assessment for each offense was paid.

27. Mr. Scott through counsel filed a notice of appeal on 12/15/2011 and the appeal was assigned number 11-CT-1638.

28. The Court of Appeals vacated Mr. Scott's FTO conviction and remanded the appeal to the trial court for further action consistent with the judgment in an order docketed on December 4, 2014.

29. On February 27, 2015, on remand, the trial court entered an order vacating Mr. Scott's conviction on the FTO charge and the order was docketed on February 27, 2015.

30. That charge was dismissed and the dismissal was docketed on February 27, 2015.

31. Mr. Scott became entitled to a refund of the $50 assessed on the FTO charge because at that point the conviction became a nullity.

32. A docket entry with respect to Mr. Scott's conviction for FTO indicates that a refund is due, because this conviction was reversed and the assessment had been paid, but Mr. Scott has not received any refund amount or any notice or any hearing.

33. The District and the Clerk of the Superior Court have kept the $50 assessment on the no-reversed FTO charge.

34. The District and the Clerk of the Superior Court have never provided notice of the entitlement of a refund to Mr. Scott.

35. The District and the Superior Court have never provided notice and a hearing to Mr. Scott in which the District or the Superior Court have established entitlement to retain the $50 assessed on the FTO charge.

36. In fact, the District and the Clerk of the Superior Court have no system for making refunds of assessments on reversed offenses to persons whose convictions have been reversed.

## Class Action Allegations

### Rule 23 Allegations

37. Mr. Scott on behalf of himself and the Class brings this action under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of each person who: (i) in the period beginning three years before the date of filing of the original complaint in this case and going forward until the case is terminated; (ii) paid an assessment imposed on a criminal conviction or plea by a Superior Court judicial officer; (iii) became entitled to a refund of all or part of the assessment because the conviction on at least one charge was reversed by the Court of Appeals or otherwise vacated by any other court in the District of Colombia; (iv) who has not received a refund or notice and a hearing on entitlement to the refund of the assessment.

38. Certification of this class under Federal Rule of Civil Procedure 23(b)(2) is appropriate, because the District of Columbia (including the Clerk) have a policy, pattern, and practice for each claim that has uniformly affected all members the class, and appropriate relief includes a declaration that each class member is entitled to recover overages and an order requiring defendant to disgorge such amounts; and equitable relief and declaratory judgment against the District and the Clerk will benefit each and every plaintiff and class member. The class is entitled to equitable relief including restitution of the assessments.

39. Mr. Scott and the other class members are entitled to declaratory judgment against the District and the Clerk that collecting assessments and not refunding them when the conviction is reversed is unconstitutional and violates the common law of the District of Columbia.

40.     Certification of a class under Federal Rule of Civil Procedure 23(b)(3) is also appropriate, in that common questions of law and fact predominate over any individual questions, and class action treatment is superior for the fair and efficient adjudication of these class claims as detailed below.

41.     The class is entitled to monetary relief.

42.     Regarding Mr. Scott and the other members of the class, there are no individual questions on the issue of liability, because all members of the Class are injured by the same policy and practices.

43.     Among the questions of law and fact common to the classes are:

   **a.**     whether the District and the Clerk have a practice and policy of retaining assessments paid by convicted persons under the VVCCA when one or more of the convictions is reversed or vacated;

   **b.**     whether not returning such assessments when the underlying conviction is reversed or vacated violates procedural due process under the Fifth Amendment;

   **c.**     whether Mr. Scott as Named Plaintiff and the members of the class and future members are entitled to equitable relief, and, if so, what is the nature of that relief.

44.     The proposed class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Mr. Scott at this time, but docket entries and investigation indicates that more than 30 people are members of the class and are due return of their money in amounts ranging from $50 to $5000.

45.     Mr. Scott's claims are typical of the claims of the other members of the Class, because Mr. Scott and all other members of the Class were injured by exactly the same means, that is, by the District's

policy and practice of failing to return assessments after the offense on which the amount had been assessed was reversed.

46.     Mr. Scott on behalf of himself and the Class will fairly and adequately protect the interests of the members of the Class and has retained counsel who are competent and experienced in complex federal civil rights class action litigation.

47.     Mr. Scott has no interests that are contrary to or in conflict with those of the class.

## Claim One

## Fifth Amendment Procedural Due Process Claim

48.     All prior paragraphs are incorporated herein by reference as if fully set forth herein.

49.     Mr. Scott and the class members have a right to return of their money and notice of their right to a refund or notice and a hearing at which the District must establish its right to retain the assessments because their convictions have been reversed or vacated.

50.     The District and the Clerk violated Mr. Scott's and the other class members' rights by failing to return their money, provide them notice and a hearing and Mr. Scott and the class members were injured thereby including loss of the amounts they were assessed but not refunded, and loss of interest, and loss of the value of their time devoted to retrieval of their money.

## Class Relief Demands

Mr. Scott on behalf of himself and all other members of the Class respectfully requests that this Court grant the following relief:

**A.**     Declare Defendants' practice of failing to return assessments or send notice that the assessments are available for pick up or provide notice and a hearing after the underlying convictions have been reversed or vacated is unconstitutional.

**B.**     Award Mr. Scott and the other class members damages including the amounts they were assessed but not refunded, and other damages including prejudgment interest, and compensatory damages for any injury attributable to loss of the money's use and compensation for the value of their time devoted to its retrieval and other damages, and attorney fees; as well as equitable and declaratory relief.

**C.**     Order Defendants to make restitution for the overages.

**D.**     Grant a jury trial on all claims so triable.

**E.**     Declare that this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) and certifying the Class, and designate Mr. Scott and Plaintiff's counsel as the proper representative of the classes.

**F.**     Award Mr. Scott and the other class members compensatory and consequential damages in an amount to be determined at trial;

**G.**     Award plaintiffs attorneys' fees and costs incurred in bringing this action under 42 U.S.C. § 1988 or as determined under the "common fund" rule; and

**H.**     Grant such other relief as this Court deems just and proper.

Respectfully submitted,


/s/ William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579

2020 Pennsylvania Ave, NW
#395
Washington, DC  20006
Phone 202/824-0700
Email claibornelaw@gmail.com


/s/ Jeffrey Light
JEFFREY L. LIGHT
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
Phone 202/277-6213
Email jeffrey@lawofficeofjeffreylight.com


*Counsel for DeAngelo Scott on behalf of himself and the other members of the Class*

## JURY DEMAND

Plaintiffs demand a jury of six as to all claims so triable.


/s/William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579

/s/ Jeffrey Light
JEFFREY L. LIGHT
D.C. Bar #485360

*Counsel for the Class*